**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4672**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BILLY LOYD,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge.  (4:16-cr-00328-RBH-1)

Submitted:  April 6, 2018                                       Decided:  April 17, 2018

Before MOTZ, AGEE, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael A. Meetze, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Florence, South Carolina, for Appellant.  Arthur Bradley Parham, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Billy Loyd pled guilty to possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2) (2012). The district court calculated Loyd's Guidelines range under the U.S. Sentencing Guidelines Manual (2016) at 41 to 51 months' imprisonment and sentenced him to 24 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as issues for review whether the district court erred in accepting Loyd's guilty plea and abused its discretion in imposing sentence. Loyd was informed of his right to file a pro se supplemental brief, but he has not done so. The Government elected not to file a brief. We affirm.

Because Loyd did not move in the district court to withdraw his guilty plea, the acceptance of his guilty plea is reviewed for plain error only. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). To demonstrate plain error, a defendant must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). In the guilty plea context, a defendant meets his burden to establish that a plain error affected his substantial rights by showing a reasonable probability that he would not have pled guilty but for the district court's Fed. R. Crim. P. 11 omissions. *United States v. Massenburg*, 564 F.3d 337, 343 (4th Cir. 2009).

Our review of the transcript of the guilty plea hearing leads us to conclude that the district court's omissions under Rule 11 did not affect Loyd's substantial rights. The transcript of the guilty plea hearing also reveals that the district court ensured that the

2

plea was supported by an independent basis in fact and that Loyd entered the plea knowingly and voluntarily and with an understanding of the consequences. Accordingly, we discern no plain error in the district court's acceptance of Loyd's guilty plea. *See United States v. DeFusco*, 949 F.2d 114, 116, 120 (4th Cir. 1991).

We review Loyd's sentence for reasonableness under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 51 (2007); *United States v. Lymas*, 781 F.3d 106, 111 (4th Cir. 2015). In doing so, we examine the sentence for procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Lymas*, 781 F.3d at 111-12 (quoting *Gall*, 552 U.S. at 51). We also review the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. Any sentence within or below a properly calculated Guidelines range is presumptively substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Such a presumption can only be rebutted by a showing that the sentence is unreasonable when measured against the § 3553(a) factors. *Id.*

In this case, the district court did not reversibly err in calculating the Guidelines range and properly heard argument from counsel, allocution from Loyd, testimony from Loyd's treating psychiatrist, and a statement from Loyd's father. The court considered the § 3553(a) factors and the Guidelines as advisory and sufficiently explained its rationale for imposing the 24-month prison term, noting that it was warranted in light of

3

Loyd's history and characteristics, the nature and circumstances of his offense conduct, the sentencing range established for his offense conduct, and the need for the sentence to reflect the seriousness of his offense, to promote respect for the law, to provide just punishment, and to afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(1), (2)(A)-(B), (4)(A). Loyd does not offer any grounds to rebut the presumption on appeal that his below-Guidelines sentence is substantively reasonable. The court also properly imposed a five-year term of supervised release. 18 U.S.C.A. § 3583(k) (West 2015 & Supp. 2017). Accordingly, we conclude that the district court did not abuse its discretion in sentencing Loyd.

In accordance with *Anders*, we have reviewed the remainder of the record and have found no meritorious issues for appeal. We therefore affirm the criminal judgment. This court requires that counsel inform Loyd, in writing, of the right to petition the Supreme Court of the United States for further review. If Loyd requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Loyd.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4